IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CLEARWATER NATURAL RESOURCES, | § | CASE NO. 09-70011 |
| LP, *et al.*, | § | |
| | § | CHAPTER 11 |
| DEBTORS. | § | |
| | § | (JOINTLY ADMINISTERED) |
| | § | |
| | § | |

**APPLICATION FOR ENTRY OF AN ORDER PURSUANT
TO 11 U.S.C. §§ 327(a) AND 328(a) AUTHORIZING THE DEBTORS
TO EMPLOY COCHRAN HEAD VICK & CO., P.C. AS
401K SAVINGS AND RETIREMENT PLAN AUDITOR**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Clearwater Natural Resources, LP ("Clearwater"), Miller Bros. Coal, LLC ("Miller Bros."), and Clearwater Natural Resources, LLC ("CNR"), as debtors and debtors in possession (collectively, the "Debtors") file this *Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) Authorizing the Debtors to Employ Cochran Head Vick & Co., P.C. as 401k Savings and Retirement Plan Auditor* (the "Application"). In support of this Application, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On January 7, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Cases").

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. An official committee of unsecured creditors was appointed in the Miller Bros. Case on January 13, 2009. No other official committees of unsecured creditors have been appointed in the other Cases.

## RELIEF REQUESTED

6. By this Application, the Debtors seek an order approving and authorizing Miller Bros.' employment of Cochran Head Vick & Co., P.C. ("Cochran") as the official 401k savings and retirement plan (the "401k Plan") auditor to perform an audit (the "Audit") of the statement of net assets of Miller Bros.' 401k Plan for the year ending December 31, 2008 in connection with Miller Bros.' reporting obligations under the Employee Retirement Income Security Act of 1974 ("ERISA") and pursuant to the terms of the retention agreement between the Debtors and Cochran, a copy of which is attached hereto as **Exhibit "A"** (the "Cochran Agreement").

7. The purpose of the Audit will be to comply with the Department of Labor's Rules and Regulations for Reporting and Disclosure under ERISA including, but not limited to, an analysis of whether the financial statements of Miller Bros. are in conformity with generally accepted accounting principles and a review of documentation and confirmation of 401k Plan obligations and benefits.

## BASIS FOR RELIEF

8.  Pursuant to Bankruptcy Code §§ 327(a) and 328(a), Miller Bros. seeks to employ Cochran as its 401k Plan auditor in connection with the Audit.

9.  Pursuant to the terms of the Cochran Agreement, Miller Bros. has agreed, subject to Court approval, to employ Cochran and to compensate Cochran at a blended rate of $120. Pursuant to the Cochran Agreement, Cochran estimates that the total fees in connection with Cochran's Audit will be approximately $12,000 to $15,000, plus expenses. These fees are currently included in the Debtors' DIP/Cash Collateral budget.

10. Cochran's mailing address and telephone number are:

Cochran Head Vick & Co., P.C.
Attn: David L. Cochran
1251 NW Briarcliff Parkway, Suite 125
Kansas City, MO 64116
Phone: (816) 584-9955
Fax: (816) 584-9958

11. Miller Bros. requires a qualified and experienced 401k Plan auditor to assist it in the Audit. Cochran is generally familiar with Miller Bros.' business, and has a recognized expertise in performing accounting and auditing analyses. Miller Bros. believes that Cochran has the requisite qualifications and experience to serve as their 401k Plan auditor.

12. Miller Bros. requests authority to compensate and reimburse Cochran in accordance with the payment terms of the Cochran Agreement for all services rendered and reasonable expenses incurred in connection with these Cases. Miller Bros. believes that such compensation is reasonable and appropriate for services of this nature and are comparable to those charged by other providers of similar services.

Dallas 1555919v.1

13. The Debtors further request that Cochran not be required to maintain time records, as this engagement will be for a small amount and for a short period of time. The field work will be completed in a couple of months time and the return must be filed by October 15, 2009.

14. Miller Bros. requests this Court authorize payment to Cochran in accordance with the terms and conditions of the Cochran Agreement, without further order of this Court.

### COCHRAN IS DISINTERESTED

15. Based upon the *Affidavit of David L. Cochran Pursuant to Bankruptcy Rule 2014(a)* (the "Affidavit"), a copy of which is attached hereto as **Exhibit "B"**, the Debtors believe that Cochran neither holds nor represents "an interest adverse to the estate" within the meaning of Bankruptcy Code § 327(a), and that Cochran is a "disinterested person" within the meaning of Bankruptcy Code § 101(14) as Cochran (a) is not a creditor, equity security holder, or insider of the Debtors; (b) is not and was not, within 2 years before the Petition Date, a director, officer, or employee of the Debtors; and (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

16. Cochran has performed the 401k audit on behalf of Miller Bros. for the past 3 years, but has not received any compensation or reimbursement related to the matter set forth herein and was not owed any amounts as of the Petition Date.

17. For the reasons set forth herein, the Debtors respectfully submit that the retention of Cochran pursuant to the terms of the Cochran Agreement will inure to the benefit of their

estates and all parties in interest by assisting Miller Bros. in complying with the Department of Labor's Rules and Regulations for Reporting and Disclosure under ERISA.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order authorizing Miller Bros. to employ Cochran as its 401k Plan auditor and agent for the Audit. The Debtors also request such other and further relief to which they may be justly entitled.

Dated:  May 29, 2009

>Respectfully submitted,
>
>/s/ *Tonya M. Ramsey*
>Daniel C. Stewart, SBT #19206500
>Tonya M. Ramsey, SBT #24007692
>**VINSON & ELKINS L.L.P.**
>Trammell Crow Center
>2001 Ross Avenue, Suite 3700
>Dallas, Texas 75201
>Tel:  214.220.7700
>Fax: 214.999.7787
>dstewart@velaw.com
>tramsey@velaw.com
>
>-and-
>
>Mary L. Fullington
>**WYATT, TARRANT & COMBS, LLP**
>250 West Main Street, Suite 1600
>Lexington, Kentucky 40507
>Tel:  859.233.2012
>Fax:  859.259.0649
>mfullington@wyattfirm.com
>
>**ATTORNEYS FOR THE DEBTORS**

# EXHIBIT "A"

[Cochran Agreement]



# COCHRAN HEAD VICK & CO., P.C.

*Certified Public Accountants*

1251 NW Briarcliff Parkway
Suite 125
Kansas City, MO 64116
(816) 584-9955
Fax (816) 584-9958

December 22, 2008

To the Board of Trustees
Miller Brothers Coal, LLC
401 (k) Savings and Retirement Plan
4151 N. Mulberry Drive, Suite 245
Kansas City, MO 64116

We are pleased to confirm our understanding of the services we are to provide for Miller Brothers Coal, LLC 401(k) Savings and Retirement Plan for the year ending December 31, 2008 in connection with its annual reporting obligation under the Employee Retirement Income Security Act of 1974 (ERISA).

We will audit the Statement of Net Assets of Miller Brothers Coal, LLC 401(k) Savings and Retirement Plan for the year ending December 31, 2008 and the related statements of changes in net assets available for benefits for the year then ending. Also, the following supplemental schedules accompanying the basic financial statements, as applicable, will be subjected to the auditing procedures applied in our audit of the financial statements:

- Assets (Held at End of Year) and Assets (Acquired and Disposed of Within Year).
- Loans or Fixed Income Obligations in Default or Classified as Uncollectible.
- Leases in Default or Classified as Uncollectible.
- Reportable Transactions.
- Nonexempt Transactions.

**Other Offices**

1333 Meadowlark Lane
Kansas City, KS 66102
(913) 287-4433
(913) 287-0010 FAX

6700 Antioch Rd, Suite 460
Merriam, Kansas 66204
(913) 378-1100
(913) 378-1177 FAX

317 W. Young
Warrensburg, MO 64093
(660) 747-9125
(660)747-9490 FAX

These financial statements and supplemental schedules are required by the Department of Labor's (DOL) Rules and Regulations for Reporting and Disclosure under ERISA to be filed with Form 5500.

We understand The Hartford will prepare the Plan's Form 5500. We will generally not issue our auditor's report until the completed Form 5500 has been provided for our review. If, however, our auditor's report is issued before the completed Form 5500 is provided for our review, our report should not be included with a Form 5500 filing without our approval.

The objective of our audit is the expression of an opinion about whether your financial statements are fairly presented, in all material respects, in conformity with accounting principles generally accepted in the United States of America, and whether the supplemental schedules are fairly stated in all material respects in relation to the basic financial statements taken as a whole and in conformity with the Department of Labor's Rules and Regulations for Reporting and



EXHIBIT "A"

Disclosure under ERISA. Our audit will be conducted in accordance with generally accepted auditing standards established by the Auditing Standards Board (United States) and will include tests of the accounting records of Miller Brothers Coal, LLC 401(k) Savings and Retirement Plan and other procedures we consider necessary to enable us to express such an opinion. If our opinion is other than unqualified, we will discuss the reasons with you in advance. If, for any reason, we are unable to complete the audit or are unable to form or have not formed an opinion, we may decline to express an opinion or to issue a report as a result of this engagement.

Our procedures will include tests of documentary evidence supporting the transactions recorded in the accounts and direct confirmation of investments, plan obligations, benefit obligations and certain other assets and liabilities by correspondence with financial institutions, and other third parties. We will also request written representations from your attorneys as part of the engagement, and they may bill you for responding to this inquiry. At the conclusion of our audit, we will require certain written representations from you about the financial statements and related matters.

An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements; therefore, our audit will involve judgment about the number of transactions to be examined and the areas to be tested. We will plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement, whether from (1) errors, (2) fraudulent financial reporting, (3) misappropriation of assets, or (4) violations of laws or governmental regulations, including prohibited transactions with parties in interest or other violations of ERISA rules and regulations, that are attributable to the plan or to acts by management or employees acting on behalf of the plan.

Because an audit is designed to provide reasonable, but not absolute, assurance and because we will not perform a detailed examination of all transactions, there is a risk that material misstatements may exist and not be detected by us. In addition, an audit is not designed to detect immaterial misstatements or violations of laws or governmental regulations that do not have a direct and material effect on the financial statements. However, we will inform you of any material errors that come to our attention, and we will inform you of any fraudulent financial reporting or misappropriation of assets that comes to our attention. We will also inform you of any violations of laws or governmental regulations that come to our attention, unless clearly inconsequential and will include prohibited transactions in the supplemental schedule of nonexempt transactions as required by the instructions to Form 5500. Our responsibility as auditors is limited to the period covered by our audit and does not extend to any later periods for which we are not engaged as auditors.

Our audit will include obtaining an understanding of the plan and its environment, including internal control, sufficient to assess the risks of material misstatement of the financial statements and to design the nature, timing, and extent of further audit procedures. An audit is not designed to provide assurance on internal control or to identify deficiencies in internal control. However, during the audit, we will communicate to you and those charged with governance internal control related matters that are required to be communicated under professional standards.

In addition, we will perform certain procedures directed at considering the Plan's compliance with applicable Internal Revenue Service (IRS) requirements for tax exempt status and ERISA plan qualification requirements. However, you should understand that our audit is not specifically designed for and should not be relied upon to disclose matters affecting plan qualifications or compliance with the ERISA and IRS requirements. If during the audit we become aware of any instances of any such matters or ways in which management practices can be improved, we will communicate them to you.

You are responsible for making all management decisions and performing all management functions; for designating an individual with suitable skill, knowledge, or experience to oversee any bookkeeping, actuarial, or any other nonattest services we provide; and for evaluating the adequacy and results of those services and accepting responsibility for them.

You are responsible for establishing and maintaining internal controls, including monitoring ongoing activities; for the selection and application of accounting principles; for establishing an accounting and financial reporting process for determining fair value measurements; and for the fair presentation in the financial statements of the net assets available for benefits and changes in net assets available for benefits of the plan in conformity with accounting principles generally accepted in the United States of America. You are also responsible for making all financial records and related information available to us and for the accuracy and completeness of that information. Your responsibilities include adjusting the financial statements to correct material misstatements and confirming to us in the management representation letter that the effects of any uncorrected misstatements aggregated by us during the current engagement and pertaining to the latest period presented are immaterial, both individually and in the aggregate, to the financial statements taken as a whole.

You are responsible for the design and implementation of programs and controls to prevent and detect fraud, and for informing us about all known or suspected fraud affecting the plan involving (1) plan management, (2) employees who have significant roles in internal control, and (3) others where the fraud could have a material effect on the financial statements. Your responsibilities include informing us of your knowledge of any allegations of fraud or suspected fraud affecting the plan received in communications from employees, former employees, regulators, or others. In addition, you are also responsible for identifying and ensuring that the plan complies with applicable laws and regulations.

We understand that your personnel will prepare schedules and analyses and type all confirmations we request and will locate any invoices or other documents selected by us for testing.

The audit documentation for this engagement is the property of Cochran Head Vick & Co., P.C. and constitutes confidential information. However, we may be requested to make certain audit documentation available to the U.S. Department of Labor pursuant to authority given to it by law. If requested, access to such audit documentation will be provided under the supervision of Cochran Head Vick & Co., P.C. personnel. Furthermore, upon request, we may provide copies of selected audit documentation to the U.S. Department of Labor. The U.S. Department of Labor may intend, or decide, to distribute the copies of information contained therein to others, including other governmental agencies.

Mr. David L. Cochran, CPA, is the engagement partner and is responsible for supervising the engagement and signing the report. We expect to begin our audit on approximately May 15, 2009 and to issue our report no later than June 30, 2009.

Our fees will be billed at a blended rate of $120. We estimate that our fees for these services will range from $12,000 to $15,000 for the audit and review of the Form 5500. You will also be billed for travel and other out-of-pocket costs such as report production, word processing, postage, etc. The fee estimate is based on anticipated cooperation from your personnel and the assumption that unexpected circumstances will not be encountered during the audit. If significant additional time is necessary, we will discuss it with you and arrive at a new fee estimate before we incur the additional costs. Our invoices for these fees will be rendered each month as work progresses and are payable on presentation.

We appreciate the opportunity to be of service to Miller Brothers Coal, LLC 401(k) Savings and Retirement Plan and believe this letter accurately summarizes the significant terms of our

engagement. If you have any questions, please let us know. If you agree with the terms of our engagement as described in this letter, please sign the enclosed copy and return it to us.

Very truly yours,
COCHRAN HEAD VICK & CO., P.C.

David L. Cochran, CPA
For the Firm

RESPONSE:
This letter correctly sets forth the understanding of Miller Brothers Coal, LLC 401(k) Savings and Retirement Plan

*George h Shuck*, Vice President and Chief Financial Officer
Plan Administrator's Signature and Title

Date: 01/15/09

# EXHIBIT "B"

[Affidavit of David L. Cochran]

Dallas 1555919v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CLEARWATER NATURAL RESOURCES, | § | CASE NO. 09-70011 |
| LP, *et al.*, | § | |
| | § | CHAPTER 11 |
| DEBTORS. | § | |
| | § | (JOINTLY ADMINISTERED) |
| | § | |
| | § | |

**AFFIDAVIT OF DAVID L. COCHRAN PURSUANT TO BANKRUPTCY
RULE 2014(A) IN SUPPORT OF DEBTORS' MOTION FOR
ORDER EMPLOYING COCHRAN HEAD VICK & CO., P.C. AS 401K
SAVINGS AND RETIREMENT PLAN AUDITOR**

David L. Cochran, under penalty of perjury, states as follows:

**Responsible Party**

"My name is David L. Cochran. I am over 21 years of age and am competent and authorized to make this Affidavit. I have personal knowledge of the facts set forth herein. To the extent that any information disclosed herein requires amendment or modification upon my completion of further analysis or as additional information becomes available to me, a supplemental affidavit will be submitted to the Court reflecting the same.

I am a principal of Cochran Head Vick & Co., P.C. ("Cochran") and am a certified public account in the State of Missouri. I have been a certified public accountant for more than 42 years. I have been requested by Miller Bros. Coal, LLC ("Miller Bros.") to act as their 401k savings and retirement plan (the "401k Plan") auditor to perform an audit of their 401k Plan (the "Audit"). My principal place of business is 1251 NW Briarcliff Parkway, Suite 125, Kansas City, Missouri 64116.

This Affidavit is submitted in connection with the *Application for Entry of an Order Pursuant to 11 U.S.C. §§ 327(a) and 328(a) Authorizing the Debtors to Employ Cochran Head Vick & Co., P.C. as 401k Savings and Retirement Plan Auditor* (the "Application"). Any capitalized terms not defined herein shall have the meaning set forth in the Application.

**General Statement**

I and the members of Cochran, to the best of my knowledge:



Dallas 1556023v.1

(i)   do not hold or represent any interests adverse to the estate, are disinterested, and are eligible to serve as 401k Plan auditor for Miller Bros. under Bankruptcy Code § 327(a);

(ii)  are not creditors, equity security holders, or insiders of the Debtors and do not represent any entity (or its attorneys and accountants) other than Miller Bros. in connection with the Audit;

(iii) are not, and have never been, an investment banker for any outstanding security of the Debtors or its affiliate companies, nor have we served as attorney for any such investment banker in connection with the offer, sale or issuance of any security of the Debtors;

(iv)  are not, and have not within the past two years been, a director, officer, or employee of the Debtors or of any such investment banker as described above;

(v)   have no interests materially adverse to the interests of the Debtors or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interests in, the Debtors or any investment banker for the Debtors; and

(vi)  have no connection, other than as disclosed herein, with the Debtors, or its creditors, equity interest holders or any party in interest, or with the respective attorneys or accountants of the foregoing, or with the United States Trustee or any person employed in the office of the United States Trustee.

### My Prepetition Relationship with the Debtors

Cochran did provide services to the Debtors within the year prior to the Petition Date and has received compensation or reimbursement related to the work performed. Prepetition, Cochran received payment from the Debtors for services rendered, specifically the 401k Plan audit for the year ended December 31, 2007. Cochran has not yet provided services nor has Cochran been paid for services related to the 401k Plan audit for the year ended December 31, 2008.

### My Rates and Billing Practices

Miller Bros. and I have agreed that I will charge a blended rate of $120 for services performed in connection with the Audit which I estimate will total $12,000 to $15,000, plus expenses for my services.

No promises have been received by me as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. I have no agreement with any entity to share compensation received by me or by such entity."

## FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 21, 2009.

David L. Cochran
Cochran Head Vick & Co., P.C.
1251 NW Briarcliff Parkway, Suite 125
Kansas City, MO 64116
Phone: (816) 584-9955
Fax: (816) 584-9958

**THE STATE OF MISSOURI §**

**COUNTY OF CLAY    §**

This instrument was SUBSCRIBED AND SWORN TO before me on this 21 day of May, 2009.

[S E A L]

Notary Public - State of Missouri

**My Commission Expires:**

Printed Name of Notary Public

" NOTARY SEAL "
Kerry A. Meinecke, Notary Public
Clay County, State of Missouri
My Commission Expires 12/9/2011
Commission Number 07550249