**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CLEARWATER NATURAL | ) | CASE NO. 09-70011 |
| RESOURCES, LP; ET AL., | ) | |
| | ) | JOINTLY ADMINISTERED |
| DEBTORS. | ) | |
| | ) | JUDGE WILLIAM S. HOWARD |
| | ) | |

**ICG ADDCAR SYSTEMS, LLC'S MOTION (A) FOR EXPEDITED HEARING ON ITS MOTION FOR RELIEF FROM STAY AND (B) TO SHORTEN NOTICE**

Pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 9006(c)(1) and Local Rule 2002-1, ICG ADDCAR Systems, LLC ("ADDCAR"), by counsel, respectfully moves the Court for entry of an order (i) granting ADDCAR an expedited hearing on its Motion to Modify the Stay to Permit Termination of Contract with Debtor filed contemporaneously herewith [Docket 515] ("Motion for Relief") at the currently scheduled hearing in this proceeding on Thursday, June 18, 2009 at 2:00 p.m. and (ii) shortening the notice period required for the hearing on the Motion for Relief.

In the Motion for Relief, ADDCAR requests a modification of the stay in order to allow it to exercise its contractual right to terminate a contract mining agreement with Debtor Miller Bros. Coal, LLC. The Debtor has unilaterally suspended ADDCAR's performance under that Agreement. Until the agreement is terminated, the $12 Million mining system ADDCAR deployed at the Debtor's mine site pursuant to the agreement remains idle and non-productive, causing ADDCAR to incur, at the very least, contractually stipulated damages in the amount of $7,000 per day. The Debtor has refused to compensate ADDCAR for these losses and instead

{L0457918.2}                                              1

expects ADDCAR to remain idle, without any revenue, for an indeterminate period of up to six months or more. These losses support and provide good cause for this Court to grant ADDCAR an expedited hearing on its Motion for Relief so that ADDCAR can mitigate its losses as soon as possible.

In further support of this motion, ADDCAR states as follows:

## AUTHORITY

1. The Rules provide that this Court has discretion to provide expedited relief and to shorten any required notice periods upon a showing of "cause":

> [W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Rule 9006(c)(1).

2. Consistent with Rule 9006(c)(1), this Court's local rules also provide that matters may be heard on an emergency basis:

> At the discretion of the court, emergency matters may be heard . . . when accompanied by a motion to shorten the time provided by this rule.

Local Rule 2002-1.

3. The Court entered that certain Order (A) Establishing Omnibus Hearing Dates and Certain Notice Procedures, (B) Approving Notice of Case Commencement, and (C) Approving Establishment of Consolidated Master Service List [Docket No. 87] (the "Procedures Order") in the above-captioned case. The Procedures Order provides that, generally, motions for relief from stay are to be heard on the Omnibus Hearing Dates and with 14 days notice. See Procedures Order at 3-4.

{L0457918.2}                                    2

4. The Procedures Order, however, also permits the Court to modify these noticing periods upon a demonstration of good cause:

> unless this Court orders otherwise, for good cause shown, where the Filing is a motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and where such motion is filed more than 14 calendar days before the next scheduled Omnibus Hearing Date, the preliminary hearing for any such matter will be set on the next scheduled Omnibus Hearing Date . . ..

Id.

5. The next Omnibus Hearing date in this matter is not until July 8, 2009, which is 23 days from the date of this motion and the Motion for Relief.

6. Good cause is present to allow ADDCAR's Motion for Relief to be heard on an expedited basis and to reduce the required notice period.

**BACKGROUND**

7. This is a matter warranting expedited treatment. As set forth in more detail in the Motion for Relief and briefly described above, ADDCAR is a party to a contract mining agreement ("Agreement") with Debtor Miller Bros. Coal, LLC ("MBC" or the "Debtor"). Under the agreement, ADDCAR mines coal as a subcontractor at the Debtor's Yellow Mountain job with highwall mining equipment valued at $12 Million. This equipment requires a workforce of 17 to 25 employees to sustain its operations and maintenance.

8. The Debtor in turn has a contract mining agreement with Consol of Kentucky Inc. ("Consol") pursuant to which the Debtor obtained the rights to mine the Yellow Mountain property and is required to produce coal for Consol. ADDCAR is not a party to the Debtor's contract with Consol. As this Court is aware, Consol has suspended the acceptance of shipments of coal from the Debtor under the Consol contract.

9. As a result of Consol's actions, on May 15, 2009, the Debtor declared a force majeure event and unilaterally suspended ADDCAR's performance under the Agreement for an indefinite period of time.

10. Since May 15, 2009, ADDCAR continues to maintain its work force and equipment on standby pending the direction to return to work by the Debtor. Consequently, ADDCAR has incurred substantial costs for each day that its operations are suspended because its large, $12 Million mining system remains idle and non-productive.

11. In the Agreement, the parties stipulated that ADDCAR's losses from an involuntary suspension of performance under the Agreement are $7,000 per day. The parties further agreed that in certain circumstances, the Debtor was obligated to pay those expenses (a standby event), but was not in other circumstances (a force majeure event). Regardless of the reason for the suspension, ADDCAR incurs these losses. Also regardless of the reason for the Debtor's suspension of performance under the Agreement, ADDCAR is contractually entitled to terminate the Agreement after a suspension has continued for more than 30 days. However, because the stipulated damages are not paid upon a force majeure event, ADDCAR is contractually provided with the right to terminate on only 5 days notice. This provides the parties with the ability to staunch the economic bleeding in relatively short order and was specifically designed to address the circumstances that are before the party today.

12. ADDCAR does not accede to the Debtor's contention that a proper force majeure event exists under the terms of the Agreement and is assessing standby charges. The Debtor has refused to pay these expenses. In addition, the Debtor has requested that ADDCAR continue to suspend its performance under the Agreement without compensation until January 2010.

13. The full 30-day time period elapsed on June 14, 2009, and the Debtor has not directed ADDCAR to resume operations under the Agreement. Thus, ADDCAR is entitled to terminate the Agreement regardless of the reason for the suspension.

14. Accordingly and because ADDCAR is suffering sizeable per day costs and damages resulting from the Debtor's suspension of performance, ADDCAR filed the Motion for Relief. In the Motion for Relief, ADDCAR requests a modification of the automatic stay in order to permit ADDCAR to terminate the Agreement in order to prevent ADDCAR from continuing to suffer large daily damages.

## ARGUMENT

15. As of this date, ADDCAR has suffered at least $210,000 in damages. As noted above, each additional day results in more damages to ADDCAR as well as its employees, who are also in a holding pattern, having been furloughed as of May 15, 2009.

16. If ADDCAR is required to wait until the July 8 Omnibus Hearing Date for a preliminary hearing on its Motion for Relief, it will have incurred at least another $161,000 in losses ($7,000 a day for 23 days).

17. Because of the large amount of damages ADDCAR has suffered and will suffer for <u>each additional day</u> it is held in limbo by the Debtor, it is imperative that ADDCAR obtain relief from the stay and be allowed to terminate the Agreement as soon as possible. In the absence of the Debtor compensating ADDCAR for its losses, this is the only way that ADDCAR can avoid further damage and mitigate its losses.

18. The Debtor currently has a hearing scheduled for 2:00 p.m. on Thursday, June 18, 2009 on, among other things, its Motion to Extend Their Exclusive Period to Solicit Acceptances of their Chapter 11 Plan Pursuant to Section 1121(d) of the Bankruptcy Code [Docket No. 448].

Thus, ADDCAR respectfully requests that the Motion for Relief be heard at the June 18, 2009 hearing.

19. Conducting the hearing on the June 18 hearing date is fair and necessary under the circumstances. The Debtor elected to suspend performance under the Agreement without compensating ADDCAR for its daily losses resulting from the suspension. The Debtor has had the 30-day period since the suspension to evaluate its options, and the Debtor is well aware of the losses ADDCAR is incurring and ADDCAR's position on the Debtor's request for a continued suspension without compensation.

20. Furthermore, the Debtor and its counsel will already be appearing before the Court at the June 18 hearing, and there are no factual issues that must be determined in order to provide the relief from the stay ADDCAR requests. Instead, ADDCAR's right to terminate the Agreement stems directly from the Debtor's election to declare a force majeure, the right to terminate is provided in the plain terms of the Agreement regardless of the reason for the suspension, and ADDCAR's daily damages are further stipulated in the Agreement. Thus, the only matter for the Court's determination is whether the circumstances provide the cause necessary for relief from the stay.

21. If the relief requested in this motion is not approved, ADDCAR will suffer more damages for each day it must wait for a hearing as its huge, expensive equipment sits idle, held hostage by the presence of the automatic stay.

22. Any possible prejudice to the Debtor resulting from the shortened period of time prior to the hearing on the Motion for Relief is outweighed by this harm, which harm the Agreement was designed to prevent by allowing ADDCAR to terminate the Agreement in just these circumstances.

23. Thus, good cause exists for the Court to reduce the notice period for hearing on the Motion for Relief due to the lack of prejudice to the parties to this proceeding and due to the risk of irreparable harm to ADDCAR if it does not receive relief from the stay in short order.

WHEREFORE, ADDCAR respectfully requests that this Court allow an expedited hearing on the Motion for Relief at the already scheduled June 18, 2009, 2:00 p.m. hearing; find that the notice provided for the Motion for Relief is adequate under the circumstances; and grant any other and further relief that the Court deems just and proper.

## NOTICE

ALL PARTIES PLEASE TAKE NOTICE that the foregoing motion shall be heard on June 18, 2009 at 2:00 p.m. before the United States Bankruptcy Court for the Eastern District of Kentucky, Lexington Division, 3rd Floor Courtroom, 100 East Vine Street, Lexington, Kentucky.

Dated:  June 15, 2009                    Respectfully submitted,

/s/ Mary Elisabeth Naumann
Mary Elisabeth Naumann
JACKSON KELLY PLLC
175 E. Main Street, Ste. 500
P.O. Box 2150
Lexington, Kentucky 40588-9945
Telephone: 859/ 255-9500
Facsimile: 859/ 252-0688
E-mail: mnaumann@jacksonkelly.com
*Counsel for ICG ADDCAR Systems, LLC*

{L0457918.2}                                  7

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served by electronic mail upon those persons listed on the Court's CM-ECF electronic service list and by depositing a copy of same in the United States Mail, First Class and postage prepaid, addressed to the parties listed on Master Service List No. 2 dated January 14, 2009 [Docket No. 105], all on the 15th day of June, 2009.

/s/ Mary Elisabeth Naumann
Mary Elisabeth Naumann
JACKSON KELLY PLLC
175 E. Main Street, Ste. 500
P.O. Box 2150
Lexington, Kentucky 40588-9945
Telephone: 859/ 255-9500
Facsimile: 859/ 252-0688
E-mail: mnaumann@jacksonkelly.com
*Counsel for ICG ADDCAR Systems, LLC*